IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED
DEC 29 2008
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| VILMA E. MORENO<br>f/k/a Vilma Diaz<br><br>Plaintiff,<br><br>v.<br><br>DHI MORTGAGE COMPANY GP, INC.<br><br>and<br><br>D. R. HORTON, INC.<br><br>Defendants | CIVIL ACTION No.<br>COMPLAINT AND<br>REQUEST FOR JURY TRIAL<br><br>3:08cv845 |

## COMPLAINT

COME NOW, Plaintiff, by counsel, and as her Complaint against Defendants, DHI MORTGAGE COMPANY GP, INC (hereinafter DHI) and D. R. HORTON, INC. (hereinafter, D.R. Horton), respectfully allege the following:

### PARTIES

1. Plaintiff is a resident of the Commonwealth of Virginia.

2. Defendant DHI was, at all times relevant hereto, a corporation licensed and authorized to do business in the Commonwealth of Virginia, in the business of financing residential mortgage loans.

3. Defendant D.R. Horton was, at all times relevant hereto, a Delaware corporation, in the business of constructing and selling homes.

### JURISDICTION AND VENUE

1

4. The jurisdiction of this Court is conferred by 15 U.S.C. §1681(p), 15 U.S.C. §1691e, and 28 U.S.C. §1367

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

6. At all times referenced herein, and in connection with all actions described herein, Defendant DHI acted as the agent for Defendant D.R. Horton.

7. On or about January 8, 2006, the Plaintiff offered to purchase a home located at 2439 Rainswood Lane, Woodbridge, Virginia, from Defendant D.R. Horton, signed a contract, and placed a deposit in the amount of $20,000. A copy of the written contract is attached hereto as Exhibit 1 and incorporated herein by reference.

8. As part of the contract, Defendant D.R. Horton required Plaintiff to apply for financing for the purchase from Defendant DHI.

9. Pursuant to the contract, settlement on the transaction was to occur on or before September 2006.

10. Plaintiff was ready, willing and able to go to settlement in September 2006.

11. Defendant D.R. Horton had not completed the construction of the home by September 2006, and was unable to go to settlement.

12. In January, 2007, when Defendant D.R. Horton had still not completed construction of the home, Plaintiff inquired of the status and demanded Defendant comply with the contract.

13. During the interim, Plaintiff encountered financial difficulties and her credit was

2

negatively impacted, partially caused by the failure to provide the home as contracted for.

14. Defendant D.R. Horton refused to comply with the contract or refund Plaintiff's deposit, but instead offered to sell Plaintiff a townhouse they were building in a different location.

15. Plaintiff advised Cathy Mason, a sales manager for Defendant D.R. Horton, of her changes in credit rating and financial difficulties she had undergone.

16. In response, Ms. Mason spoke to Mark Tolle from Defendant DHI. Plaintiff and Ms. Mason fully advised Mr. Tolle of Plaintiff's financial condition and credit situation, and Plaintiff authorized Defendant DHI to access her credit report.

17. Defendant DHI did in fact access Plaintiff's credit report and reviewed the same.

18. Based on the information provided by Plaintiff and the review of the credit report, Mr. Tolle, on behalf of Defendant DHI, approved Plaintiff for financing, and indicated that she could go to closing in two months.

19. Based on this financing approval, Plaintiff agreed to contract to purchase the townhouse located at 15385 Elizabeth Burbage Loop, Woodbridge, Virginia in lieu of the Rainswood Lane property.

20. On January 13, 2007, Defendant D.R. Horton presented Plaintiff with a contract for this purchase, which Plaintiff signed and returned to Defendant D.R. Horton. Plaintiff only retained an unsigned copy, a copy of which is attached hereto as Exhibit 2 and incorporated herein by reference.

21. At the same time as the contract for the townhouse was presented to her, Plaintiff

requested specific construction options be added to the contract.

22. Defendant refused to add specific construction options, due to the townhouse being substantially built and unable to be customized at that point.

23. In March 2007, Defendant DHI verbally advised Plaintiff that it would not finance the purchase.

24. Defendant DHI did not advise the Plaintiff in writing of the rejection.

25. After its agent, DHI, refused to provide financing for the townhouse, Defendant D.R. Horton refused to close on the sale of the townhouse, and refused to refund Plaintiff her $20,000 deposit.

26. In connection with the transaction, Defendant DHI received a credit report on Plaintiff, and applied it in connection with the transaction.

27. Defendant DHI rejected Plaintiff's credit application.

28. Defendant DHI did not advise Plaintiff, in writing, that it had rejected her credit application.

29. Defendant DHI did not advise Plaintiff, orally or in writing, of the reasons for the credit denial.

## COUNT I - VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT

30. The allegations of paragraphs 1 through and including 29 of the Complaint are realleged and incorporated herein by reference.

31. Plaintiff is an applicant as that term is defined by 15 USC 1691a.

32. Defendant DHI is a creditor as that term is defined by 15 USC 1691a.

33. In connection with the offer to purchase as described, the Plaintiff applied for

credit through Defendant DHI.

34. Defendant DHI regularly extends credit to consumers, or arranges for the extension of such credit, or participates in credit decisions including the setting of the terms of credit.

35. The denial of credit to the Plaintiffs as referenced above was an adverse action as that term is defined by 15 USC 1691(d) (6).

36. In connection with the application for credit described above, Defendant DHI did not provide a written notification to the Plaintiff on each of its actions with regard to the application.

37. The failure of defendant to provide to Plaintiff any written or other statement of reasons for the denial of credit to Plaintiff and to provide the disclosures mandated by 15 U.S.C. §1691(d) (2) violated the ECOA.

38. As a direct and proximate result of the Defendant DHI's violation of the Equal Credit Opportunity Act described above, Plaintiff has suffered damages.

39. Defendant DHI's actions described herein were taken with wanton, willful, intentional and reckless disregard for Plaintiff's rights.

## **COUNT II -VIOLATION OF THE FAIR CREDIT REPORTING ACT**

40. The allegations of paragraphs 1 through and including 39 of the Complaint are realleged and incorporated herein by reference.

41. At all times relevant hereto, Defendant DHI was a user of a credit report governed by the FCRA (15 U.S.C. § 1681b(f) and 1681m).

42. The denial of credit referenced above is an adverse action under the Fair Credit

Reporting Act.

43. Plaintiff has never received any written notice of the adverse action by Defendant DHI or any notice of the adverse action by any finance company, and neither defendant nor an affiliated finance company ever sent the required notices regarding these adverse actions.

44. Defendant DHI did not have in a place any system or any other means to send to Plaintiff a proper notice of the adverse action by Defendant or its affiliated finance companies

45. On information and belief, as part of this transaction, Defendant DHI and its affiliated finance companies repeatedly accessed Plaintiff's credit reports without having a permissible purpose and without disclosing to Plaintiff that it had accessed her reports repeatedly and without providing any notice of its decision after repeatedly accessing their reports.

46. In the willful violation of the FCRA, Defendant DHI failed to provide the notice of information required by 1681m(a)(2) and (3).

47. In addition to the violation 1681m(a), if the credit decision was based on information other than information obtained from a credit reporting agency, Defendant DHI willfully violated the FCRA by failing to provide the notice required by 1681m(b).

48. On information and belief, Defendant DHI and its affiliated finance companies repeatedly and willfully accessed Plaintiffs' credit reports in violation of 15 U.S.C. § 1681b(f).

49. In the alternative of willful violations, the Defendant DHI's violations were negligent.

50. As a result of the above alleged FCRA violations, Plaintiff has suffered substantial actual damages.

51. As a result of these FCRA violations, Defendant DHI is liable to Plaintiff for statutory damages, or actual damages if the amount of actual damages is greater than the statutory amount for each of the violations; Defendant DHI is also liable for punitive damages, and for attorneys fees and costs.

## COUNT III -FRAUD

52. The allegations of paragraphs 1 through and including 51 of the Complaint are realleged and incorporated herein by reference.

53. Defendants DHI and D.R. Horton misrepresented that DHI would finance the purchase of the Townhouse.

54. Defendants DHI and D.R. Horton misrepresented that DHI would finance the purchase of the Townhouse in order to get Plaintiff to agree to purchase the townhouse in lieu of the Rainswood Lane property.

55. Defendants DHI and D.R. Horton misrepresented that DHI would finance the purchase of the Townhouse in order that Defendant D.R. Horton would not be in default of the purchase contract and thus be unable to make a claim for forfeiture of Plaintiff's deposit as liquidated damages under the contract.

56. Defendants DHI and D.R. Horton misrepresented that DHI would finance the purchase of the Townhouse, knowing that DHI would not in fact finance the

purchase of the Townhouse, so that Defendant D.R. Horton could attempt to claim a breach by Plaintiff and forfeit her deposit as alleged liquidated damages under the contract.

57. In agreeing to exchange the contract for the Rainswood Lane property for a contract for the Townhouse, Plaintiff relied on Defendants representations referenced above.

58. Defendants representations that DHI would finance Plaintiff for the Townhouse was a material consideration in Plaintiff's entry into that contract.

59. As a result of Defendant's false representations, Plaintiff was damaged.

60. Defendants' actions were taken in willful, wanton and reckless disregard for Plaintiff's rights.

## COUNT IV - VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT

61. The allegations of paragraphs 1 through and including 60 of the Complaint are realleged and incorporated herein by reference.

62. The purchases described above are "consumer transactions" as that term is used in the Virginia Consumer Protection Act.

63. Defendant D.R. Horton is a "supplier" as that term is used in the Virginia Consumer Protection Act.

64. Defendant D.R. Horton claimed that it was forfeiting Plaintiff's deposit based on an alleged liquidated damage provision in the contract.

65. The alleged liquidated damage provision of the contract is void and unenforceable as a penalty, rather than liquidated damages.

66. The Plaintiff did not default under the Contract.

67. Notwithstanding the fact that the Plaintiff did not default under the Contract, Defendant D.R. Horton charged Plaintiff a "liquidated damage" penalty.

68. The actions described above are fraudulent acts or practices committed in connection with a consumer transaction, and are therefore in violation of Virginia Code Section 59.1-200

69. As a direct and proximate result of the Defendant D.R. Horton's fraudulent representations and concealment described above, Plaintiff has suffered damages.

70. Defendant D.R. Horton's actions described above were undertaken willfully, in violation of Virginia Code Section 59.1-204.

71. Upon information and belief, as evidenced by the above transactions, Defendant has a pattern and practice in creating these yo-yo and/or illegal contingent sales, and utilizing the unenforceable penalty clauses referenced above.

## COUNT V -BREACH OF CONTRACT

72. The allegations of paragraphs 1 through and including 71 of the Complaint are realleged and incorporated herein by reference.

73. Defendant D.R. Horton was not able to close on the Rainswood Lane property pursuant to the contract.

74. Defendant D.R. Horton breached the Rainswood Lane contract with Plaintiff.

75. In addition, to the extent Plaintiff breached either contract with Defendant by not closing, Defendant D.R. Horton is estopped from claiming that breach due to the facts alleged above.

76. To the extent Plaintiff breached either contract with Defendant by not closing, Defendant D.R. Horton waived that breach due to the facts alleged above.

77. Defendant D.R. Horton was required to refund Plaintiff's deposit, but did not.

78. As a result of D.R. Horton's breach of contract, Plaintiff sustained damages.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Honorable Court enter judgement against Defendants, jointly and severally, for

A.  actual and compensatory damages,

B.  punitive damages,

C.  statutory damages pursuant to the Equal Credit Opportunity Act, the Fair Credit Reporting Act, and the Virginia Consumer Protection Act

D.  interest at the judgment rate from January 8, 2006 until paid;

E.  all court costs;

F.  reasonable attorney fees,

G.  such other and further relief as this Honorable Court deems appropriate.

VILMA E. MORENO
f/k/a Vilma Diaz
By Counsel

A TRIAL BY JURY IS DEMANDED ON ALL COUNTS

_____
Thomas R. Breeden, Esquire, VSB #33410
Thomas R. Breeden, P.C.
7900 Sudley Road, Suite 600
Manassas, Virginia 20109
(703) 361-9277, facsimile (703) 257-2259
Counsel for Plaintiff